[*General Term, January*, 1873.]

JOHN J. HOOKER *v.* JOHN KILGOUR.

In a proceeding to recover an assessment from a stockholder in an Ohio corporation on his statutory liability, to pay its debts, the petition did not contain a statement that the stockholder was such while the debt for which judgment had been obtained against the corporation was incurred, and in the other pleadings in the cause it appeared that in fact he was not such stockholder.

*Held,* that it was error to render judgment by default against such stockholder for an assessment, inasmuch as the petition omitted a *constitutive* fact under the code, and no such fact could be presumed to have been proved, when no trial was had, and no proof exhibited.

*Collins & Herron,* and *A. Taft & Sons,* for plaintiff.

*Matthews, Ramsey & Matthews,* and *Pugh & Pugh,* for defendant.

HAGANS, J.   On July 15, 1868, Charles H. Kilgour filed his petition, alleging that, at the February term, 1868, of this court, he had obtained judgment against the Pendleton Street Railroad Company for $31,484.64; that before that time all the property of said company had been sold in proceedings to foreclose a mortgage, in which it had been all exhausted in payment of the bonds secured thereby, except about one hundred dollars; that he was a party to those proceedings, but got no money; that the company is an Ohio company, and is insolvent, and has no real or personal property out of which his judgment can be satisfied; that said company is indebted to various other parties, in a

sum less than the stock; that he is a stockholder in said company, and that the other defendants, among whom Hooker, the plaintiff in error, is named, are the other stockholders, who are chargeable *pro rata* with the statutory liability in a sum equal to the indebtedness of the company, and some of them are also chargeable with balances due on stock subscriptions, and that there are controversies among the stockholders as to the number of shares held by them respectively. And he prays that an account of the indebtedness may be taken, and the stockholders' liability be ascertained, and that assessments on them be made, and the debts paid.

The plaintiff in error was served with process, or at least we are bound to so regard it, so far as the record shows; and being the owner at the time judgment was rendered herein of $7,900 of the capital stock, he was assessed $3,219.30 for the payment of debts, and at the June term, 1870, judgment was rendered against him therefor by default.

No evidence which goes to show Hooker's liability appears by the record, except that we find from the answer of John Kilgour, who is also a stockholder, that at the time the debt upon which Charles H. Kilgour obtained judgment, as well as the other debts of the company were incurred by it, Hooker was not a stockholder. Hooker now prosecutes this petition in error, to reverse the judgment against him, and all the parties to the suit are made properly defendants in error.

It will be observed that the petition of Charles H. Kilgour nowhere contains any statement, that, at the time the debts for which he had obtained judgment, as well as the other debts of the company were created, Hooker was a stockholder. To hold Hooker liable under the statute, it must have appeared in the testimony that Hooker was such stockholder at the time any of the debts were created. *Wehrman* v. *Reakert*, 1 Sup. C. R. 237.

In this case an application for leave to file a petition in

error in the Supreme Court was made and refused; so that it is the settled law in Ohio. And this statement is the law elsewhere, and seems entirely justified on the familiar principle that it can not be claimed that credit was given under the statute providing this liability, to persons who were not stockholders when the debt was contracted. Such stockholders could not give sanction to, or acquiescence in the creation of such debts. *Story* v. *Furman*, 25 N. Y. 214; *Shaler* v. *Bliss*, 27 N. Y. 298. And the recent case of *Devoss* v. *Gray, etc.*, 22 Ohio St. 159, is upon the same principle.

This being the rule, it must appear not only that there is a debt, but that it must have been contracted while Hooker was a stockholder. This averment should appear in the petition. If a demurrer had been interposed, the petition would have undoubtedly been held bad, because of the omission of this material statement. The petition, according to the code, must contain " a statement of the fact constituting the cause of action, in ordinary and concise language, and without repetition." But here is a petition that does not contain such a statement, " *constituting* the cause of action." There is the omission of a statement which only entitles Kilgour to a judgment against Hooker. *Corry* v. *Gaynor*, 21 Ohio St. 277; *Dennistown* v. *Wood*, 2 Disney, 52.

It is contended, however, that every pleading is to be liberally construed in favor of the pleader; and that, after judgment, every intendment is to be taken in its favor. As already stated, the petition alleges that Hooker is a stockholder, and is liable to the plaintiff therein, and the other creditors of the company. This is all it alleges in this respect. At most, this statement is an inference of law merely, and not a statement of facts. Under the code, the petition should contain a statement of all the material and issuable facts which are relied on as constituting the cause of action. These are called, in *Garvey* v. *Fowler*, 4 Sand. 665, *constitutive* facts, for the action depends on them. *Catten* v. *Gunter*, 1 Duer, 266. And a judgment by default

cures no defect in the petition, which would not have been aided on general demurrer. For no fact can be presumed to have been proved, when no trial has been had and no proof exhibited. And, therefore, under the old practice, a motion in arrest of judgment, for the insufficiency of the declaration, after a default, operates precisely as a general demurrer to the declaration would have operated. Gould on Pl. 626, ch. 10; *Perry* v. *Goodwin,* 36 Mass. 499; *Choynske* v. *Cohen,* 39 Cal. 501; *Fournier* v. *Faggott,* 3 Scam. 347.

If it appeared that this material fact had been proved, it might be an amendment of the petition would be allowed after judgment. In looking into the pleadings, however, and especially into the answer of John Kilgour, which is uncontradicted, there is disclosed the history of the debts of this company, and it appears that they were contracted long before Hooker became a stockholder. It would be manifestly unjust to hold him to a liability which he never incurred, and which, for aught that appears, was never proved. Indeed, the facts appearing in that answer are admitted, and to allow the judgment to stand would work great injustice.

We think the judgment should be reversed, and the cause remanded.